UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO, a municipal corporation,<br><br>                     Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; SOLUTIA, INC.; and PHARMACIA CORPORATION,<br><br>                     Defendants. | Case No.: 15cv578-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration or, in the alternative, Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed by Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation. (ECF No. 175).

**I.    BACKGROUND**

On March 13, 2015, Plaintiffs San Diego Unified Port District (the "Port District") and City of San Diego (the "City") commenced this action by filing the Complaint. (ECF No. 1). On August 3, 2015, the City and the Port District filed separate First Amended Complaints ("FACs") against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation (collectively, "Monsanto"). (ECF Nos. 24, 25). On August 31, 2015,

Monsanto filed a Motion to Dismiss the City's FAC (ECF No. 31) and a Motion to Dismiss the Port District's FAC (ECF No. 32). On September 28, 2016, the Court issued an Order granting in part and denying in part Monsanto's Motion to Dismiss the Port District's FAC and granting Monsanto's Motion to Dismiss the City's FAC in its entirety. (ECF No. 81).

On December 22, 2016, the City filed the Second Amended Complaint ("SAC") alleging a single cause of action against Monsanto for public nuisance.[1] (ECF No. 93).

On March 24, 2017, Monsanto filed a Motion to Dismiss the SAC. (ECF No. 108). Monsanto argued, in part, that the SAC must be dismissed for lack of jurisdiction because the City must first exhaust administrative remedies before the Commission on State Mandates ("the Commission").[2] Monsanto argued that the City was required to exhaust administrative remedies because the tort damages the City seeks in this case are permit compliance costs that qualify as unfunded state mandates under *Department of Finance v. Commission on State Mandates*, 378 P.3d 356 (Cal. 2016). Monsanto asserted that the City is currently seeking reimbursement for these permit compliance costs through test claims before the Commission. Further Monsanto argued that the Court should exercise its discretion to dismiss or stay this matter pending resolution of the test claims on prudential exhaustion grounds. On April 7, 2017, the City filed a response in opposition and argued that administrative exhaustion is inapplicable to this case because the Commission was not authorized to address the City's public nuisance claim for tort damages or to award tort damages for the costs of PCB removal. Further, the City argued that the Court should not exercise its discretion to require exhaustion because any decision by the Commission would have no impact on this action. (ECF No. 109).

---

[1] The Port District is currently proceeding on its own causes of action against Monsanto.
[2] Monsanto also contended that the SAC should be dismissed for lack of standing, for failure to state a claim, and as barred by the statute of limitations. The Court denied the motion to dismiss on these grounds as well. In the instant motion, Monsanto only seeks reconsideration of the Court's ruling as to prudential exhaustion.

On November 11, 2017, the Court denied the Motion to Dismiss. (ECF No. 163). With respect to the parties' arguments on exhaustion, the Court stated,

> [I]n this case, the City brings a cause of action in tort for public nuisance against a private entity pursuant to applicable sections of the California Civil Code and the California Code of Civil Procedure. California law does not establish an administrative procedure for a public nuisance claim. *See Abelleira*, 109 P.2d at 949 ("[W]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."). While some portion of the damages the City seeks from Monsanto in this public nuisance claim may overlap in part with unfunded state mandate costs at issue in pending test claims before the Commission, the jurisdictional requirement of administrative exhaustion is limited to "where an administrative remedy is required by statute." *Id.* The Court concludes that the City is not precluded from bringing its public nuisance claim by any statutory administrative exhaustion requirement. The Court further concludes that prudential exhaustion is not warranted at this stage in proceedings. The Court declines to exercise any discretion to stay or dismiss the City's suit pending resolution of the test claims. *See Morrison-Knudsen Co.*, 811 F.2d at 1223.

(ECF No. 163 at 20).

On December 20, 2017, Monsanto filed a Motion for Reconsideration or, in the alternative, Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (ECF No. 175). Monsanto requests that the Court reconsider its earlier denial of a stay of this litigation on prudential exhaustion grounds and, in the alternative, requests that "the Court certify that portion of its November 22nd Order declining to dismiss or stay this case pending exhaustion of administrative remedies for appeal to the Ninth Circuit pursuant to 28 U.S.C. Section 1292(b)." (ECF No. 175-1 at 7). On January 16, 2018, the City filed a response in opposition. (ECF No. 187). On January 22, 2018, Monsanto filed a reply. (ECF No. 188).

## II. RECONSIDERATION

### A. Contentions

Monsanto requests that the Court reconsider the earlier denial of a stay of this litigation on prudential exhaustion grounds. Monsanto contends that reconsideration is

warranted because the Court committed clear error by failing to stay or dismiss the case on prudential exhaustion grounds. Monsanto asserts that the California Court of Appeal decision in *Department of Finance v. Commission on State Mandates*, 226 Cal. Rptr. 3d 846 (Ct. App. 2017)[3] "constitutes new or different circumstances under which the failure to dismiss or stay this case would be clear error." (ECF No. 175-1 at 12). Monsanto contends that this decision "entitles the City to reimbursement from the State for the very same storm water permit compliance costs" that the City seeks from Monsanto as damages in this public nuisance action. *Id.* at 7. Monsanto contends that prudential exhaustion will reduce the scope of discovery and motion practice and result in a "more streamlined trial" because "the Commission's final determination regarding the amount of the unfunded State mandate that must be reimbursed by the State to the City will moot or substantially narrow the scope of the City's action and it damages." *Id.* at 17. Monsanto contends that the collateral source rule is inapplicable to this action and that the law prohibits double recovery by the City of both permit compliance costs reimbursed by the state and damages for tort liability. (ECF No. 188).

The City contends that reconsideration is not warranted and that the recent state appellate decision in *Department of Finance v. Commission on State Mandates* does not modify the legal principles underlying the Court's prior determination that administrative exhaustion is not required. The City contends that the state appellate court decision "does not change the fact that the agency cannot, as a matter of law, award the City damages for its tort claims." (ECF No. 187 at 5). The City asserts that the "only overlap" between damages sought from Monsanto in this case and unfunded state mandate costs at issue in the state appellate court decision is "in the cost of street-sweeping." *Id.* at 10. The City

---

[3] The Court grants Monsanto's request for judicial notice (ECF No. 175-4) of *Department of Finance v. Commission on State Mandates*, Case No. C070357 (Cal. Ct. App. Dec 19, 2017) pursuant to Federal Rule of Evidence 201. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").

contends that "the reimbursement of the costs of street sweeping does not substantially impact the City's claimed damages." *Id.* Further, the City contends that California has "long adhered to the collateral source rule" and that, under the collateral source rule, "the City's recovery of . . . costs from the State does not preclude the City from seeking those same costs from Monsanto[.]" *Id.* at 10–11. The City contends that "Monsanto should not be given the benefit of payments of public funds to avoid tort liability." *Id.* at 11.

### B. Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* at 880 (quoting *Kona*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### C. Discussion

The Ninth Circuit Court of Appeals has held that "[a]dministrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).[4] "Where there is no explicit statutory

---

[4] In its previous Order the Court also concluded that "the City was not precluded from bringing its public nuisance claim by any statutory administrative exhaustion requirement." (ECF No. 163 at 20). Although Monsanto "respectfully disagrees" with this ruling, Monsanto does not "ask this Court to reconsider its ruling on statutory exhaustion." (ECF No. 175-1 at 13 n.1; ECF No. 188 at 6).

requirement of exhaustion of administrative remedies, the application of exhaustion rules is a matter committed to the discretion of the district court." *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987) (citing *Wong v. Dep't of State*, 789 F.2d 1380, 1385 (9th Cir. 1986)).

> Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate by pass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

*Puga*, 488 F.3d at 815 (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)); *see also Morrison-Knudsen*, 811 F.2d at 1223 ("In exercising its discretion to decline jurisdiction, or to stay proceedings, the district court must balance the agency's interest in applying its expertise, correcting its own errors, making a proper record, and maintaining an efficient, independent administrative system, against the interests of private parties in finding adequate redress.").

In this case, the Court previously concluded that "prudential exhaustion is not warranted at this stage in proceedings" and "decline[d] to exercise any discretion to stay or dismiss the City's suit pending resolution of the test claims" before the Commission. (ECF No. 163 at 20). At the time the Court made its ruling, several test claims challenging provisions of various NPDES permits issued to the City by the San Diego Regional Quality Control Board were currently pending before the Commission and a petition for writ of mandate to overturn the Commission's decision that permit requirements in the 2007 NPDES permit constitute an unfunded state mandate was pending before the state court of appeal. (ECF No. 163 at 19).

On December 19, 2017, after this Court issued its ruling denying the request for prudential exhaustion, the Court of Appeal of the State of California in the Third Appellate District issued a decision in *Department of Finance v. Commission on State Mandates*, 226 Cal. Rptr. 3d 846 (Ct. App. 2017). The case was before the state appellate court for a

determination as to whether the Commission correctly determined that conditions imposed on the 2007 water permit issued to the County of San Diego and cities located in the county by the Regional Water Quality Control Board are state mandates. The state appellate court determined that

> there is no federal law, regulation, or administrative case authority that expressly mandated the San Diego Regional Board to impose any of the challenged requirements discussed above. As a result, their imposition are state mandates, and section 6 requires the State to provide subvention to reimburse the permittees for the costs of complying with the requirements.

*Id.* at 867. The following permit requirements were determined to be mandates for which the permittees are entitled to reimbursement from the State: (1) street sweeping and cleaning storm water conveyances; (2) hydromodification plan; (3) low impact development practices in the SUSMP; (4) jurisdictional and regional education programs; (5) regional and watershed urban runoff management programs; (6) program effectiveness assessments; and, (7) permittee collaboration. *Id.* at 863–67. The state appellate court remanded to the trial court for further proceedings consistent with the opinion. *Id.* at 867.

Monsanto contends that the Court's decision to deny the stay was clear error and that the subsequent state appellate court decision constitutes "new or different circumstances" which compel the Court to stay or dismiss this case on prudential exhaustion grounds. (ECF No. 175-1 at 12). The Ninth Circuit Court of Appeals has stated,

> As a general rule, however, we have applied prudential exhaustion requirements in actions against agencies and agency officials, and not typically in actions between two private parties . . . . That the doctrine of prudential exhaustion was crafted principally to channel actions against agencies and agency officials is reflected in the policy concerns we have considered in applying it.

*Western Radio Services Co. v. Qwest Corp.*, 530 F.3d 1186, 1199 (9th Cir. 2008). Under the facts of this case where an agency action is not challenged, the prudential exhaustion factors typically considered by courts do not weigh in favor of requiring prudential

7

exhaustion. *See Puga*, 488 F.3d at 815. The Commission does not have any "agency expertise" in the context of a public nuisance action against a private party which would make "agency consideration necessary to generate a proper record and reach a proper decision." *Id.* The City's action against Monsanto does not challenge an agency action and there is no need to stay this case to allow the Commission to correct any errors. *See Western Radio Servs.*, 530 F.3d at 1199. Allowing this public nuisance case against a private party to proceed will not lead to the deliberate bypass of the administrative scheme before the Commission, which allows local governments to claim costs as unfunded state mandates. *See Dep't of Finance v. Comm'n on State Mandates*, 378 P.3d 356, 360 (Cal. 2016) (stating that under the California State Constitution "if the legislature or a state agency requires a local government to provide a new program or higher level of service, the local government is entitled to reimbursement from the state for associated costs."). Finally, Monsanto does not contend that proceedings before the Commission and state courts regarding test claims will impact any issue other than damages in this litigation. The Court concludes that requiring the City to resolve all test claims before the Commission prior to litigating this case would not significantly promote the efficient use of judicial resources. The Court's determination that prudential exhaustion was not warranted at this stage in the proceedings does not constitute clear error and does not merit reconsideration. *See Morrison-Knudsen Co.*, 811 F.2d at 1223 (stating that the "application of exhaustion rules is a matter committed to the discretion of the district court.").

The state appellate court decision in *Department of Finance v. Commission on State Mandates* does not constitute changed circumstances sufficient to warrant reconsideration of the Court's prior decision on prudential exhaustion. As the Court previously stated, there may ultimately be some overlap between the permit compliance costs sought from the state as unfunded state mandates in test claims before the Commission and the tort
8

15cv578-WQH-AGS

damages sought from Monsanto in this public nuisance action.[5] The state appellate court affirmed the Commission's determination that the permittees are entitled to reimbursement for some costs associated with a number of permit requirements in the 2007 NPDES permit because they constituted state mandates. However, policy considerations and the prudential exhaustion factors do not weigh in favor of staying or dismissing this public nuisance case while test claims are litigated in the state courts and before the Commission. The state appellate court decision in *Department of Finance v. Commission on State Mandates* does not constitute changed circumstances justifying reconsideration or any stay or dismissal of this public nuisance action. Monsanto has failed to establish that any reconsideration of the Court's prior order is warranted. *See Navajo Nation*, 331 F.3d at 1046 ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

## III. INTERLOCUTORY APPEAL

In the alternative, Monsanto moves the Court for an order certifying its November 22, 2017 Order for interlocutory appeal. (ECF No. 175-1). Monsanto contends that "whether a municipality is required to exhaust its administrative remedies for state-imposed permit compliance costs with the Commission before concurrently litigating for the same or overlapping costs" is a controlling question of law presented in the November 22 Order. (ECF No. 175-1 at 21). Monsanto contends that discretionary decisions of district courts, including discretionary decisions not to require prudential exhaustion, "routinely serve as a proper bas[is] for certification of an interlocutory appeal in the Ninth Circuit." *Id.* at 23. Monsanto contends that certification is appropriate because there is a difference of opinion among district courts on whether exhaustion is necessary on this issue and because "this Court's order is . . . at odds with decades of California law requiring

---

[5] The Court does not reach City's collateral source argument in its ruling. Further, the Court has not made any ruling as to whether the tort damages sought from Monsanto in this case would be reduced by any costs recovered by the City as unfunded state mandates from the State of California, assuming any overlap exists.

exhaustion of administrative remedies in similar circumstances." *Id.* at 25. Monsanto contends that interlocutory appeal will reduce the scope and materially advance the litigation.

The City contends that interlocutory appeal is not warranted in this case on this issue. The City contends that Monsanto's asserted "controlling question of law" requires factual determinations about "what remedy is sought, and whether any administrative proceeding can provide that remedy." (ECF No. 187 at 14). The City contends that no substantial ground for difference of opinion exists and that this appeal will not reduce the scope of litigation.

A district court may certify an otherwise non-appealable order for review by an appellate court when three conditions are met: (1) the order involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three criteria must be met in order for a district court to certify an issue for interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) ("§ 1292(b) is to be applied sparingly and only in exceptional cases").

A question is "controlling" for purposes of § 1292(b) where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal citations and quotation marks

omitted). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. at 633.

In this case, Monsanto fails to identify a controlling question of law in the Court's November 22 Order. "[W]hether a municipality is required to exhaust its administrative remedies for state-imposed permit compliance costs with the Commission before concurrently litigating for the same or overlapping costs" is not a pure question of law in this case. The resolution is predicated on a factual determination that there are the "same or overlapping costs" in the various proceedings. (ECF No. 175-1 at 21). Courts in the Ninth Circuit have determined that mixed questions of fact and law are not appropriate for interlocutory appeal under § 1292(b). *See, e.g.*, *City of San Jose v. Monsanto Co.*, No. 5:15-CV-03178-EJD, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017); *Halloum v. McCormick Barstow LLP*, No. C-15-2181 EMC, 2015 WL 4512599, at *2 (N.D. Cal. July 24, 2015); *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08CV1521 AJB (WVG), 2014 WL 11906588, at *4 (S.D. Cal. Sept. 3, 2014). Rather than presenting a controlling question of law appropriate for interlocutory appeal, Monsanto challenges the Court's application of existing law on administrative exhaustion and prudential exhaustion to the factual circumstances of this case. Because Monsanto fails to identify a controlling question of law sufficient to warrant certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the motion for certification for interlocutory appeal is denied. *See In re Cement*, 673 F.2d at 1026 (holding that interlocutory appeal is only justified under "exceptional circumstances.").

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion for reconsideration or, in the alternative, certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED. (ECF No. 175).

Dated: April 17, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court