UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>Defendants. | Case No.: 15-cv-0578-WQH-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL (ECF No. 223)** |

On July 20, 2018, this Court held a hearing on Plaintiff San Diego Unified Port District's Motion to Compel. (CD# AGS 7/20/18 3:46:59-5:12:57.) The Port seeks an order overruling defendants' objections to the Port's 30(b)(6) deposition notices. Specifically, the Port challenges defendants' temporal limitation on the scope of the depositions and their refusal to produce documents that each deponent will rely on in preparing for his or her deposition. Having fully considered the parties' briefing and arguments, the Court grants in part and denies the Port Motion to Compel (ECF No. 223).

## BACKGROUND

This case arises from pollution in the tidelands and submerged lands in and around the San Diego Bay. Plaintiffs allege that the presence of a chemical compound called polychlorinated biphenyls (PCBs) requires cleanup in certain areas and has caused damage

1

1  to property. (First Am. Compl., ECF No. 24, at 2-3.) Plaintiffs content that Defendants
2  Monsanto Company, and its successor Pharmacia LLC, are liable because "Monsanto
3  Company was the sole manufacturer of PCBs in the United States from 1935 to 1979."
4  (First Am. Compl., ECF No. 24, at 2.) Monsanto allegedly knew all along that PCBs were
5  "toxic" and "that there was no safe way to dispose of PCBs," but "concealed these facts."
6  (*Id.*) Thus, plaintiffs brought this suit seeking abatement and remediation of the pollution
7  caused by PCBs.

## DISCUSSION

The Port recently served 30(b)(6) deposition notices which contained requests for production of documents. Defendants responded with various objections but only two contested grounds were brought to the Court. First, the Port contends that defendants limited the production with "inappropriate temporal limitations that dramatically curtail production of responsive documents[.]" (ECF No. 223-1, at 4.) Second, defendants refuse "to produce and identify documents used to refresh recollection and [that] form the basis of Monsanto's corporate representative's testimony." (*Id.*).

**A.  Temporal Limitations**

"Parties may obtain any discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Setting temporal limitations is one common way to cull down the universe of documents and decrease the burdens of discovery. *See U.S. ex rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) (denying motion to compel that sought documents and information outside the time period "repeatedly focuse[d] on" in the complaint); *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 WL 9132846,

at *3 (N.D. Cal. May 6, 2016) (limiting temporal scope to "a reasonable period of time connected to the wrongdoing alleged in the operative complaint").

Defendants seek to limit their production to information and documents from 1935 to 1977. The Port made several arguments about relevance. Documents prior to 1935 might show "early knowledge of toxicity" or "safe methods of disposal," and information authored after 1977 could reflect customers inquiries and defendants' responses regarding the same. (ECF No. 223-1, at 7-8.) But even relevant information may be undiscoverable because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendants argued the temporal limitations were proportional to the needs of the case because they are based on the Port's allegations in the First Amended Complaint. (ECF No. 225, at 9.) In addition, defendants had already produced over one million pages of responsive documents, which "consists of documents collected from the 1970s through the early 1980s relating to the manufacture and sale of PCBs, and issues concerning health, safety, and the environment." (*Id.*) In sum, defendants contend that any non-privileged documents in their possession that relate to PCBs have been produced, and the Port has failed to show this is insufficient.

In a case such as this—which involves voluminous discovery pertaining to events that occurred some 40 to 80 years ago—temporal limitations on discovery are appropriate. It is well settled the Court may impose such limitations to manage the burden or expense of discovery. *See Crawford-El v. Britton*, 532 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly[.]" (citation omitted)). In the First Amended Complaint, the Port alleges facts that span from 1930 to 2015, with the core of its allegations focusing on defendants' conduct between 1935 to 1970. (*See generally* ECF No. 24, at 2-26.) Moreover, the Port's deposition notices themselves define the "Relevant Time Period" as "1935 to 1980." (*See, e.g.*, ECF Nos. 225-2, at 7; 225-3, at 7; 225-4, at 7; 225-5, at 7; 225-6, at 7.)

A temporal limitation on the scope of the 30(b)(6) depositions is appropriate in light of the core allegations in the complaint, the time period defined in the Port's 30(b)(b) deposition notices, the magnitude of discovery that has already been conducted, and the relative cost of preparing deponents on a broad range of topics spanning nearly 50 years. Accordingly, defendants must prepare their 30(b)(6) deponents to testify to matters reasonably within the corporation's knowledge between 1935 to 1980, and responsive documents relevant to this time period must be produced.[1]

**B.    Documents Reviewed, Considered, or Used to Prepare Deponents**

The second dispute between the parties centers on Requests for Production No. 2 in each of the Port's 30(b)(6) notices. Requests for Production No. 2 ask defendants to produce "[a]ll documents reviewed, considered, and/or used" by the deponents in preparing for their depositions. (*See, e.g.*, ECF Nos. 225-2, at 8; 225-3, at 8; 225-4, at 8; 225-5, at 8; 225-6, at 8.) The Port argues the documents must be produced because "all witnesses with personal knowledge of the events giving rise to this case are deceased" so the 30(b)(6) designees will have no personal knowledge of anything beyond what they gleam from documents they review in preparation. (ECF No. 223-1, at 5–6.) Defendants objected on the basis of work-product protection because the documents have already been produced and requiring defendants to further specify which documents they use to prep 30(b)(6) witnesses will reveal counsel's mental impressions and litigation strategies. (*See* ECF No. 225, at 14–16.) The Port's arguments boil down to two points:

---

[1] The Port appears to be using defendants 30(b)(6)-related objections as an opportunity to complain about defendants' temporal limitations to other discovery responses. (*See* ECF No. 223-1, at 4 n.1.) However, the Court does not reach this issue because the parties did not meet and confer on that point. *See* CivLR 26.1(a) ("The court will entertain no motion" made under Rule 37, "unless counsel will have previously met and conferred concerning all disputed issues.").

4

(1) defendants' assertion of work-product immunity is misguided, and (2) any protection is waived under Federal Rule of Evidence 612.

   *1.   Work-Product Protection*

The work-product doctrine protects from disclosure documents "prepared in anticipation of litigation or for trial by or for another party" unless "the party shows it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Even where such a showing is made, however, "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

"[T]he selection process of defense counsel in grouping certain documents together out of the thousands produced in [the] litigation is work product entitled to protection under [Rule] 26(b)(3) . . . [b]ecause identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions[.]" *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985); *Stevens v. Corelogic, Inc.*, No. 14cv1158 BAS (JLB), 2016 WL 3937936, at *8 (S.D. Cal. Feb. 2, 2016). This is because "[a]t its core, the work-product doctrine shelters the mental process of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238 (1975). Preparing a client for a deposition with a selection of documents falls squarely within this principle.

The Port's 30(b)(6) notices identify a discreet set of topics that go to the core of its claims. Defendants concede that documents implicated by Requests for Production No. 2 are not themselves protected, so they have been produced previously in discovery. Rather, defendants validly objected because the Port's requests essentially ask defense counsel to identify the documents that defense counsel believes are most relevant to each topic and that selection, done as part of the litigation in preparation for the depositions, would reveal defense counsel's impressions, conclusions, or opinions about each topic. Consequently,

5

Requests for Production No. 2 impermissibly seek information protected by the work-product doctrine.

### 2. *Federal Rule of Evidence 612*

But the inquiry doesn't end there, as work-product immunity is subject to waiver. "If otherwise discoverable documents, which do not contain pure expressions of legal theories, mental impressions, conclusion or opinions of counsel, are assembled by counsel, and are put to a testimonial use in the litigation, then an implied limited waiver of the work product doctrine takes place, and the documents themselves, not their broad subject matter, are discoverable." *Nutramax Lab., Inc. v. Twin Lab., Inc.,* 183 F.R.D. 458, 467 (D. Md. 1998). Federal Rule of Evidence 612 provides for such an instance when work product may be waived. "[W]hen a witness uses a writing to refresh memory . . . before testifying . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony . . . if the court decides that justice requires the party to have those option." Fed. R. Evid. 612(a)(2) & (b). The Federal Rules of Evidence apply to the examination of deponents. Fed. R. Civ. P. 30(c).

Three foundational elements must be met before Rule 612 may result in waiver: (a) the witness must use a writing to refresh his memory, (b) for the purpose of testifying, and (c) the interests of justice require production. *Nutramax Lab., Inc*, 183 F.R.D. at 472. Defendants persuasively argue that the Port has failed to make the threshold showing that a witness used a writing to refresh his memory for the purpose of testifying because the depositions have not yet even been scheduled. Thus, the Port cannot cite to any testimony to show a witness relied on any documents and that those documents influenced his or her testimony. "[B]efore requiring disclosure, courts have required some evidence that a witness actually has relied upon documents in giving his testimony or that those documents somehow influenced his testimony." *T & S Enter., LLC v. Sumitomo Corp. of Am.*, No. 11cv1318-GPC (MDD), 2102 WL 4845544, at *1 (S.D. Cal. Oct. 10, 2012) (*quoting K & S Assoc., Inc. v. Am. Assoc. of Physicists in Med.*, No. 3:09-1108, 2012 WL 4364087, at *3

(M.D. Tenn. Sept. 21, 2012) (alteration omitted)). "Proper application of Rule 612 should never implicate an attorney's selection, in preparation for a witness' deposition," particularly by revealing "a group of documents that he believes critical to a case." *Sporck*, 759 F.2d at 318. "Instead identification of such documents under Rule 612 should only result from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed." *Id.*

Even if the 30(b)(6) deponents in this case will have to review documents to prepare for their testimony, until plaintiff's counsel first solicits questioning that calls into question the deponent's reliance on specific documents, no waiver has occurred. And, even if the first two foundational elements are met, the Court would still have to find the interests of justice require disclosure. *See Nutramax Lab., Inc.*, 183 F.R.D. at 469-70 (listing a nine-factor test to balance the competing interests between protecting work product and preventing a party from "manufacturing favorable testimony, or concealing unfavorable testimony").

Finally, if the documents are elicited by the Port's questioning, then the concern that defense counsel's mental impressions or case strategies may be revealed is diminished. Indeed, if the Port "first elicited specific testimony from [the deponent], and then questioned [the deponent] as to which, if any, documents informed that testimony, the work product [defendants] seek[] to protect—counsel's opinion of the strengths and weaknesses of the case as represented by the group identification of documents selected by counsel— would not have been implicated." *Sporck*, 759 F.2d at 318. Rather, the Port "would receive only those documents which deposing counsel, through its own work product, was incisive enough to recognize and question [the deponent] on." *Id.* Accordingly, if the Port establishes the proper foundation at the depositions, any documents the deponents relied on in testifying must be disclosed or identified by bates number at that time.

///

## CONCLUSION

The Port's motion to compel is granted in part and denied in part. Defendants must prepare 30(b)(6) deponents to testify about matters reasonably within the corporations knowledge between 1935 to 1980, and responsive documents relevant to this time period must be produced or, if they have already been produced, identified by bates number. The Port is not entitled to review documents 30(b)(6) witnesses review prior to laying a proper foundation for waiver under Rule 612. Consequently, the Court denies the Port's motion to compel with respect to documents responsive to Requests for Production No. 2 in the 30(b)(6) notices.

**IT IS SO ORDERED.**

Dated: August 2, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE