UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, a public corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC.; and PHARMACIA CORPORATION,<br><br>Defendants. | Case No.: 15cv578-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion for leave to file a supplement to the First Amended Complaint filed by the San Diego Unified Port District. (ECF No. 214).

**I.    BACKGROUND**

On March 13, 2015, Plaintiffs San Diego Unified Port District ("Port District") and the City of San Diego (the "City") initiated this action by jointly filing a Complaint against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation ("collectively, Monsanto"). (ECF No. 1).

1

On August 3, 2015, the Port District filed a First Amended Complaint against Monsanto, the operative pleading in the Port District's action.[1] (ECF No. 25). The Port District alleged causes of action for public nuisance, equitable indemnity, and purpresture against Monsanto relating to PCB contamination of the San Diego Bay ("the Bay"). *Id.*

On September 28, 2016, the Court granted in part and denied in part a motion to dismiss the First Amended Complaint. The Court granted the motion to dismiss with respect to equitable indemnity and denied the motion to dismiss with respect to public nuisance and purpresture. (ECF No. 81). The Port District is proceeding in this litigation on its public nuisance cause of action and purpresture cause of action.

On April 20, 2018, the Port District filed a motion for leave to file a supplement to the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d). The Port District seeks to supplement its claims with "(1) damages the Port District has continued to suffer after the filing of the Original Complaint on March 13, 2015 and (2) additional damages that the Port District will continue to suffer, as long as the public nuisance remains unabated, up to the time of judgment." (ECF No. 214-1 at 6).

On May 14, 2018, Monsanto filed a response in opposition. (ECF No. 219)

On May 21, 2018, the Port District filed a reply. (ECF No. 222).

## II. CONTENTIONS OF THE PARTIES

The Port District moves the Court for leave to file a supplemental pleading under Rule 15(d) seeking post-filing, pre-judgment damages in connection with its nuisance claim. The Port District asserts that a plaintiff harmed by a continuing nuisance is entitled to post-filing damages until the time of judgment under California law. The Port District contends that a supplemental pleading is appropriate because separate concurrent actions would be duplicative and separate successive actions may be time-barred. The Port District contends that a prayer for declaratory relief as to all damages that continue to accrue to the

---

[1] The City filed a separate amended complaint and is currently litigating independently against Monsanto.

2

15cv578-WQH-JLB

time of judgment is in the interest of judicial economy. The Port District contends that it has the right to seek costs, loss of use damages, and abatement under section 731 of the California Code of Civil Procedure.[2] The Port District contends that the Legislature has authorized it to seek damages due to its unique position as trustee of the submerged lands. The Port District contends that Monsanto would not be prejudiced by the proposed supplemental pleading.

Monsanto contends that leave to supplement the First Amended Complaint should be denied on the grounds of futility. Monsanto contends that the Port District has pleaded a permanent nuisance cause of action, in which a party is not entitled to file successive actions for damages until the nuisance is abated. Monsanto further contends that California law requires parties to bring successive actions to recover damages incurred post-filing on continuing nuisance claims. Monsanto contends that the non-representative nuisance cases relied on by the Port District are inapplicable because, as a matter of law, damages are unavailable in a representative public nuisance action under section 731 of the California Code of Civil Procedure. Monsanto contends that it would be prejudiced by the proposed supplemental pleading due to "discovery and other litigation burdens" associated with the futile requests for additional damages. (ECF No. 219 at 8). Monsanto contends that California law precludes recovery of damages for already-incurred costs under the guise of an abatement remedy. Monsanto contends that the Port District's "hybrid creation of a *representative action* on behalf of the People *for damages* is prohibited by C.C.P. Section 731." *Id.* at 11. Monsanto contends that the Port District's "expanded damage claims"

---

[2] The Port District asserts that this Court "has already concluded that the Port District may seek damages for injuries to the resources of the Bay." (ECF No. 222 at 6). The Port District cites language from the Court's ruling on September 28, 2016 in which the Court declined to strike the Port District's fifth prayer for relief for natural resource damages on grounds separate from any consideration of the type of recovery allowed for a nuisance action under California Code of Civil Procedure section 731. (ECF No. 81 at 20–22). In the same order, the Court explicitly declined to rule on the issue of whether damages were available in connection with this representative public nuisance claim. *See* ECF No. 81 at 11 n.3 ("The Court does not address the issue of damages the Port District may recover in a representative capacity at this state in proceedings.").

should be rejected by the Court as an attempt to "circumvent products liability laws by recasting ordinary products liability claims as public nuisance claims for damages." *Id.* at 13.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Rule 15(d) applies to claims that could not have been litigated until after the original complaint was filed. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). Rule 15(d) affords district courts broad discretion in allowing supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "[S]ome relationship must exist between the newly alleged matters and the subject of the original action" but the new allegations "need not all arise out of the same transaction." *Id.* at 474. Rule 15(d) is favored as a tool of judicial economy and convenience. *Id.* at 473. "To determine if efficiency might be achieved courts assess 'whether the entire controversy between the parties could be settled in one action . . . .'" *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2D § 1506 (1990)). District courts additionally consider whether undue prejudice to the opposing party will result. *See LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 119 (9th Cir. 1986).

### IV. DISCUSSION

The Port District's First Amended Complaint includes the following allegations related to damages for the public nuisance cause of action: "As a direct and proximate result of Monsanto's creation of a public nuisance, Plaintiff Port District and the public

have suffered and continue to suffer, actual damages and injuries to property requiring abatement and other costs to be determined at trial." (ECF No. 25 at 24). The Port District seeks to supplement the First Amended Complaint such that the allegations related to damages for the public nuisance cause of action state:

> 89. As a direct and proximate result of Monsanto's creation of a public nuisance, Plaintiff Port District and the public have suffered, *preceding the filing of this action,* actual damages, and injuries to property requiring abatement and other costs to be determined at trial.
> *90. Additionally, Plaintiff Port District and the public continued to suffer, from the date this action was originally filed until the time of filing this Supplement, actual damages, and injuries to property requiring abatement and other costs to be determined at trial.*
> *91. Plaintiff Port District and the public also will continue to suffer damages from the time of filing this Supplement until judgment actual damages and injuries to property requiring abatement and other costs to be determined at trial.*
> *92. Because of the continuing nuisance, Monsanto is liable for the additionally accrued damages as well as damages that will accrue to the time of judgment. Plaintiff Port District requests judgment declaring that Monsanto is liable for damages accruing from the filing of the Supplement to the time of judgment.*

(ECF No. 214-3 at ¶¶ 89–92 (proposed additional language in italics)). The Prayer for Relief in the First Amended Complaint states, in part:

> 1) Any and all compensatory damages according to proof including, but not limited to, all past and future costs and expenses related to the investigation, remediation, and removal of PCBs from in and around the Bay, loss of use of portions of the Bay, and diminution in value of real property in and around the Bay;

(ECF No. 25 at 26). The Port District seeks to alter this paragraph to state,

> 1) Any and all compensatory damages according to proof including, but not limited to, all *allowable* past*, present* and future costs and expenses related to the investigation, remediation, and removal of PCBs from in and around the Bay, loss of use of portions of the Bay, and diminution in value of real property in and around the Bay;

5

(ECF No. 214-3 at 29 (proposed additional language in italics)).  The Port District further seeks to add the following to the Prayer for Relief: "2) A judicial determination that each Defendant is liable for allowable damages up to time of judgment[.]" *Id.*

"Two distinct classifications have emerged in nuisance law which determine the remedies available to injured parties and the applicable statute of limitations." *Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 705 P.2d 866, 870 (Cal. 1985).  "[P]ermanent nuisances are of a type where 'by one act a permanent injury is done, [and] damages are assessed once for all.'" *Id.* (quoting *Williams v. Southern Pac. R.R. Co.*, 89 P. 599 (1907)).  "In such cases, plaintiffs ordinarily are required to bring one action for all past, present and future damages within three years after the permanent nuisance is erected." *Id.*

> On the other hand, if a nuisance is a use which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated.  Recovery is limited, however, to actual injury suffered prior to the commencement of each action.  Prospective damages are unavailable.

*Id.*  A party asserting a continuing nuisance claim may bring successive actions for periodic damages incurred prior to the commencement of each action until abatement takes place. *See Mangini v. Aerojet-General Corp.*, 912 P.2d 1220, 1227–30 (Cal. 1996); *Baker*, 705 P.2d at 870; *Arcade Water Dist. v. United States*, 940 F.2d 1265, 1269 (9th Cir. 1991).  As the Supreme Court explained in *Spaulding v. Cameron*,

> If the defendant is not privileged to continue the nuisance and is able to abate it, he cannot complain if the plaintiff elects to bring successive actions as damages accrue until abatement takes place. . . . On the other hand, if it appears improbable as a practical matter that the nuisance can or will be abated, the plaintiff should not be left to the troublesome remedy of successive actions.

239 P.2d 625, 628 (Cal. 1952).

In this motion, the Port District asserts that it has brought a continuing nuisance claim[3] and that it is entitled to recover post-filing, pre-judgment damages. Rather than file successive actions, the Port District seeks leave to file a supplemental pleading requesting post-filing, pre-judgment damages in this action. A limited number of courts have allowed plaintiffs to recover post-filing, pre-judgment damages within the same continuing nuisance action to avoid the problem of successive actions being filed concurrently. *See Renz v. 33rd Dist. Agricultural Assn.*, 46 Cal. Rptr. 2d 67, 70–71 (Ct. App. 1995) ("While numerous Court of Appeal decisions mention that continuing nuisance damages may be recovered only for damages suffered prior to the *commencement* of the action . . . we are not bound by any of these decisions."); *Orange Cty. Water Dist. v. Unocal Corp.*, No. SACV0301742CJCANX, 2016 WL 11201024, at *9 (C.D. Cal. Nov. 3, 2016). However, this Court concludes that under California law a plaintiff in a continuing nuisance action can only seek damages incurred *prior to the commencement of the action*. *See Baker*, 705 P.2d at 870; *McCoy v. Gustafson*, 103 Cal. Rptr. 3d 37 (Ct. App. 2009); *Arcade Water*, 940 F.2d at 1269; *see also People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1196–98 (S.D. Cal. 2016) ("The Court has undertaken an exhaustive review of relevant state and federal law, and concludes that the City may only seek damages incurred during the three years immediately preceding the filing of this lawsuit.").

The cases relied on by the Port District discuss the proper procedure by which a plaintiff may seek post-filing damages *in a non-representative continuing nuisance action brought by a property owner*. In this case, the Port District is proceeding in a representative capacity under section 731 of the California Code of Civil Procedure. (ECF No. 25; *see also* ECF No. 81 at 9 n.2, 11–12). Recovery is limited to abatement in a representative action for public nuisance. Cal. Code Civ. Proc. § 731 ("A civil action may be brought in

---

[3] The Port District did not identify its public nuisance action as a continuing or permanent public nuisance in the First Amended Complaint. (ECF No. 25).

the name of the people of the State of California to abate a public nuisance . . ."); *Cty. of Santa Clara v. Atl. Richfield Co.*, 40 Cal. Rptr. 3d 313, 329 (Ct. App. 2006) ("The third amended complaint clearly alleges that lead *remains present* in buildings in Santa Clara, SF, and Oakland, and that removal of this lead is necessary to prevent future harm to the public. . . . While Santa Clara, SF, and Oakland may not recover damages or reimbursement for past remediation of these hazards, the pleaded representative public nuisance cause of action seeking future abatement suffers from no apparent infirmity."); *People v. ConAgra Grocery Prod. Co.*, 227 Cal. Rptr. 3d 499, 560 (Ct. App. 2017), *reh'g denied* (Dec. 6, 2017), *review denied* (Feb. 14, 2018) ("While damages may be available in both public and private nuisance actions, damages are not an available remedy in the type of public nuisance action that was brought by plaintiff in this case, a representative public nuisance action."); *People ex rel. Van de Kamp v. Am. Art Enterprises, Inc.*, 656 P.2d 1170, 1173 n.11 (Cal. 1983) ("[A]lthough California's general nuisance statute expressly permits the recovery of damages in a public nuisance action brought by a specially injured party, it does not grant a damage remedy in actions brought on behalf of the People to abate a public nuisance. . . . In the absence of explicit statutory authorization, the Court of Appeal has held that an award of such damages is improper.").[4]

California law does permit the Port District to seek abatement in connection with its representative public nuisance claim. "An abatement of a nuisance is accomplished by a court of equity by means of an injunction proper and suitable to the facts of each case." *Santa Clara*, 40 Cal. Rptr. 3d at 329. In *ConAgra,* the court of appeal stated,

> A public entity may not recover in a representative public nuisance action any funds that it has already expended to remediate a public nuisance. This court acknowledged as much in *Santa Clara I*. (*Santa Clara I*, *supra*, 137 Cal.App.4th at p. 310, 40 Cal.Rptr.3d 313.) The trial court's abatement order

---

[4] In its reply, the Port District states that it is entitled to damages in relation to its purpresture claim. (ECF No. 222 at 6 n.3). The Port District's motion to supplement the FAC sought to include additional allegations related only to its nuisance cause of action. The Court makes no determination as to relief available to the Port District in connection to its purpresture cause of action.

8

> in this case did not attempt to award any already-incurred costs to plaintiff or to any of the 10 jurisdictions. Instead, the court's abatement order directed defendants to deposit funds in an abatement fund, which would be utilized to prospectively fund remediation of the public nuisance. None of these funds were permitted to be utilized to reimburse plaintiff, any of the 10 jurisdictions, or any homeowners for already-incurred costs.
>
> The abatement fund was not a "thinly-disguised" damages award. The distinction between an abatement order and a damages award is stark. An abatement order is an equitable remedy, while damages are a legal remedy. An equitable remedy's sole purpose is to eliminate the hazard that is causing prospective harm to the plaintiff. An equitable remedy provides no compensation to a plaintiff for prior harm. Damages, on the other hand, are directed at compensating the plaintiff for prior accrued harm that has resulted from the defendant's wrongful conduct. The distinction between these two types of remedies frequently arises in nuisance actions. Generally, continuing nuisances are subject to abatement, and permanent nuisances are subject to actions for damages. (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 868-870, 218 Cal.Rptr. 293, 705 P.2d 866.) As Code of Civil Procedure section 731 permits a public entity plaintiff to seek abatement of a public nuisance in a representative action, the trial court could properly order abatement as a remedy in this case.

*ConAgra*, 227 Cal. Rptr. 3d at 569.

The Port District has represented to this Court on numerous occasions that it is proceeding only in a representative capacity on behalf of the people of the state of California in this public nuisance action. *See* ECF No. 33 at 9 ("The Port District brings this action as trustee for the people of the state of California, an inherently representative capacity, to hold Monsanto responsible for the PCB contamination in the Bay."); ECF No. 33 at 16 ("The Port District has asserted its public nuisance claim for abatement in a representative capacity – as trustee for the public and successor to the power of cities and counties within its jurisdiction."); ECF No. 66 at 64–65. In the prior Order denying the motion to dismiss, the Court concluded that "the Port District has standing to bring a representative cause of action under section 731." (ECF No. 81 at 12). In its reply brief, the Port District asserts that it has the right to "seek costs and loss of use damages, in

addition to abatement, under Section 731" relying on *Selma Pressure Treating Co. v. Osmose*, 271 Cal. Rptr. 596 (Ct. App. 1990) *reh'g denied and opinion modified* (July 24, 1990), and *disapproved of by Johnson v. Am. Standard, Inc.*, 179 P.3d 905 (Cal. 2008).[5] (ECF No. 222 at 4). The Port District further asserts that its "unique" position as "trustee of the submerged lands . . . in San Diego Bay" entitles it to recover damages in a representative capacity. (ECF No. 222 at 2, 7). However, *Selma* addressed a public entity's ability to bring a non-representative nuisance claim for damages as a property owner:

> Respondents argue, however, that the terms of Code of Civil Procedure section 731 limit absolutely the remedies available to the State—only abatement is available. We disagree. Properly viewed, the statute, and cases interpreting the statute, limit the State only when it acts in its representative capacity protecting the public interest generally. Where the State has a property interest which has been injuriously affected by a nuisance, the State can, like any property owner, seek damages

271 Cal. Rptr at 603. *Selma* does not provides legal authority for the Port District's argument that it can seek damages in a representative public nuisance action. *Id.* at 603–04. The Court concludes that the Port District fails to provide an adequate legal basis for a supplemental pleading for post-filing, pre-judgment damages related to its representative public nuisance cause of action under California Code of Civil Procedure section 731. The motion for leave to file a supplemental pleading is denied. Fed. R. Civ. P. 15(d).

## V. CONCLUSION

IT IS HEREBY ORDERED that the motion for leave to file a supplement to the First Amended Complaint is DENIED. (ECF No. 214).

Dated: August 30, 2018

Hon. William Q. Hayes
United States District Court

---

[5] The Port District has not previously represented to the Court it asserts a non-representative claim for damages as a governmental property owner.