**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, a public corporation; and CITY OF SAN DIEGO, a municipal corporation,<br><br>  Plaintiffs,<br>  v.<br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION,<br><br>  Defendants. | CASE NO. 15cv578-WQH-AGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to sever filed by Plaintiff San Diego Unified Port District (ECF No. 248).

On March 13, 2015, Plaintiffs San Diego Unified Port District (the "Port District") and City of San Diego commenced this action by filing a Complaint with Jury Demand against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation. (ECF No. 1). The Port District and the City of San Diego alleged state law claims for public nuisance against Defendants relating to environmental contamination caused by PCBs in the San Diego Bay and in the City's storm water and dry weather runoff system. On August 3, 2015, the Port District and the City of San Diego filed separate First Amended Complaints with Jury Demand. (ECF Nos. 24, 25).

| | |
|---|---|
|1| On December 22, 2016, the City of San Diego filed a Second Amended |
|2| Complaint with Jury Demand.  (ECF No. 93). |
|3| On January 13, 2017, Defendants filed an Answer to the Amended Complaint |
|4| filed by the Port District.  (ECF No. 96). |
|5| On May 16, 2017, the parties file a Joint Discovery Plan.  (ECF No. 115). |
|6| On June 2, 2017, the Court filed a Scheduling Order regulating discovery and |
|7| other pretrial proceedings.  (ECF No. 121). |
|8| On September 20, 2017, the Court filed an Amended Scheduling Order pursuant |
|9| to the request of the parties.  (ECF No. 141). |
|10| On December 14, 2017, the Court filed a Second Amended Scheduling Order |
|11| pursuant to the request of the parties.  (ECF No. 174). |
|12| On December 21, 2017, Defendants filed an Answer to the Second Amended |
|13| Complaint filed by the City of San Diego.  (ECF No. 176). |
|14| On March 20, 2018, the Court filed a Third Amended Scheduling Order pursuant |
|15| to the request of the parties.  (ECF No. 207). |
|16| On September 4, 2018, Plaintiff Port District filed a motion to sever the claims |
|17| of the Port District from the claims of the City of San Diego.  (ECF No. 248). |
|18| On September 4, 2018, Plaintiff City of San Diego and Defendants filed a joint |
|19| motion for a fourth amended scheduling order. This motion remains pending before the |
|20| Magistrate Judge.  (ECF No. 250). |
|21| **CONTENTIONS OF THE PARTIES** |
|22| Plaintiff Port District moves the Court to sever the claims brought by the Port |
|23| District against Defendants from the claims brought by the City of San Diego against |
|24| Defendants.  The Port District contends that severance is necessary to avoid significant, |
|25| prejudicial delays in addressing the nuisance created in the San Diego Bay.  The Port |
|26| District asserts that it intends to complete discovery under the current pretrial deadlines |
|27| while Defendants and the City of San Diego have moved the Court to extend the current |
|28| deadlines set by the Third Amended Scheduling Orderfor another six months.  The Port |

1  District seeks severance in order to bring its claims "to the summary judgment stage and
2  trial more quickly, with settlement options of course being evaluated as the action
3  proceeds." (ECF No. 248-1 at 16). The Port District further asserts that separate
4  injuries and remedies distinguish its case from the City of San Diego and that severance
5  will promote judicial economy and settlement.

Defendants oppose severance on the grounds that the claims present overlapping public nuisance and liability theories; and raise similar issues in law, fact, and expert discovery. Defendants assert that discovery is not completed for the claims of the Port District and that maintaining a single action at this stage in the proceedings will not prejudice any party.

### RULING OF THE COURT

Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. "In deciding whether to grant severance, courts ordinarily consider basic principles of fundamental fairness and judicial economy, as well as possible prejudice to any party, undue delay, threats of duplicitous litigation, inconsistent jury verdicts, and factual and legal confusion." *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 10672011, at *1 (S.D. Cal. Dec. 30, 2009). Courts in this jurisdiction generally weigh in the aggregate whether: (1) "the claims arise out of the same transaction or occurrence;" (2) "the claims present some common questions of law or fact;" (3) "settlement of the claims or judicial economy would be facilitated;" (4) "prejudice would be avoided if severance were granted;" and (5) "different witnesses and documentary proof are required for the separate claims." *Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012)(quotations omitted).

In this case, Plaintiffs Port District and City of San Diego properly initiated this action in March of 2015 joining their claims against Defendants under Fed. R. Civ. P. 20. The Port District and the City of San Diego allege public nuisance claims against Defendants caused by the same chemical, and the same conduct by the Defendants.

1 | The Court concludes that fundamental fairness and judicial economy weigh against
2 | severance. However, this case raises significant environmental issues which require
3 | resolution in a timely manner.

In order to avoid prejudice to any party, the Court will order that the trial in this case commence on Tuesday, February 18, 2020 at 9:00 A.M. in Courtroom 14B and that the final pretrial conference commence on Friday, December 6, 2019 at 9:30 A.M. This trial date is more than seventeen months from the date of this order and five years from the filing of the Complaint. This trial date will allow the parties significant time to complete pretrial matters and advance the efficient resolution of this case. The Court will order the Magistrate Judge to set an amended scheduling order which will allow the parties to complete all matters addressed in the Third Amended Scheduling Order prior to the date of the final pretrial conference.

IT IS HEREBY ORDERED that motion to sever filed by Plaintiff San Diego Unified Port District (ECF No. 248) is denied.

IT IS FURTHER ORDERED that trial is set for Tuesday, February 18, 2020 at 9:00 A.M. in Courtroom 14B before this Court and the final pretrial conference is set for Friday, December 6, 2019 at 9:30 A.M. The Magistrate Judge shall set an amended scheduling order addressing the deadlines set in the Third Amended Scheduling Order in light of the pretrial conference date and the trial date.

DATED: September 21, 2018

**WILLIAM Q. HAYES**
United States District Judge