UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, a public corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC., and PHARMACIA CORPORATION,<br><br>Defendants. | Case No.: 15cv578-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Joint Motion for Judgment on Partial Findings filed by Plaintiff San Diego Unified Port District and Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation. (ECF No. 292).

## I.  BACKGROUND

On March 13, 2015, Plaintiffs San Diego Unified Port District (the Port District) and the City of San Diego (the City) initiated this action by jointly filing a Complaint against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation ("collectively, Monsanto"). (ECF No. 1). On August 3, 2015, the Port District filed a First Amended Complaint (FAC) against Monsanto, the operative pleading in the Port District's action. (ECF No. 25). The Port District alleged causes of action for public nuisance, equitable

indemnity, and purpresture against Monsanto relating to PCB contamination of the San Diego Bay (the Bay). *Id.* On September 28, 2016, the Court dismissed the equitable indemnity claims. (ECF No. 81). The Port District proceeds in this litigation on the public nuisance cause of action and the purpresture cause of action.

On August 30, 2018, the Court issued an Order (ECF No. 245) denying a motion for leave to file a supplement to the FAC (ECF No. 214) filed by the Port District. The Court stated that "[r]ecovery is limited to abatement in a representative action for public nuisance," and that "the Port District fails to provide an adequate legal basis for a supplemental pleading for post-filing, pre-judgment damages related to its representative public nuisance cause of action under California Code of Civil Procedure section 731." (ECF No. 245 at 7, 10). The Court noted that "[i]n its reply, the Port District states that it is entitled to damages in relation to its purpresture claim. (ECF No. 222 at 6 n.3). The Port District's motion to supplement the FAC sought to include additional allegations related only to its nuisance cause of action. The Court makes no determination as to relief available to the Port District in connection to its purpresture cause of action." (ECF No. 245 at 8 n.4).

On January 16, 2019, the parties filed a Joint Motion for Judgment on Partial Findings. (ECF No. 292). The parties request that the Court enter partial judgment pursuant to Fed. R. Civ. P. 56 "dismissing the Port District's prayer for compensatory damages and limiting its potential recovery to equitable relief." *Id.* at 2. The parties state that "[g]ood cause exists to grant this unopposed motion because the Court's August 30, 2018 Order ruled that the Port District is limited to seeking equitable relief in its representative capacity for public nuisance, and entering the partial stipulated judgment will narrow the issues for discovery." *Id.* The parties state that "the Court's order left undecided whether the Port District could pursue damages under its purpresture claim, but the Port District is not independently arguing for compensatory damages for its purpresture claim apart from the arguments related to the Port District's representative public nuisance claim rejected by the Court in its August 30 order." *Id.* at 3. "The parties acknowledge

that the Port District does not agree that the foregoing ruling is legally correct, and that . . . the Port District [may] fil[e] an appeal from any final judgment entered in this matter on the ground that the Court's foregoing ruling is erroneous." *Id.* at 2.

The Court may enter partial summary judgment on individual issues that need not be submitted to a jury for resolution. "If the court does not grant all relief requested" in the summary judgment motion, "it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in dispute and treating that fact as established in the case." Fed. R. Civ. P. 56(g); *see, e.g., Hsingching Hsu v. Puma Biotechnology, Inc.*, No. SACV1500865AGJCGX, 2018 WL 4945703, at *5 (C.D. Cal. Oct. 5, 2018) ("By the parties' agreement that there is no material dispute on the issues of public knowledge, market efficiency, and Plaintiffs' trading during the relevant period, the Court treats those issues as established in Plaintiffs' favor for the fraud-on-the-market presumption."). Federal courts have held that summary judgment as to the availability of a remedy is proper. *See Loft v. Stationary Eng'rs, Local 39 PTF, LLC*, 87 F. Supp. 3d 1138, 1146 (N.D. Cal. 2015) (collecting cases).

The Court having considered its Orders and all other pleadings and papers on file, IT IS HEREBY ORDERED that the Joint Motion (ECF No. 292) is granted in part and denied in part as follows:

1. Partial judgment is entered for Defendants and against the Port District under Federal Rule of Civil Procedure 56, consistent with the Court's August 30, 2018 Order (ECF No. 245), limiting the relief the Port District may seek in this lawsuit in its representative capacity under a public nuisance theory to equitable relief, including an order to abate and/or the establishment of an abatement fund, and dismissing the Port District's claims for compensatory damages in its representative capacity under a public nuisance theory.

2. Consistent with the Court's August 30, 2018 Order (ECF No. 245), the Port District is precluded in this action from seeking compensatory damages in its

representative capacity under a public nuisance theory. The Port District may appeal from any final judgment entered in this matter on the ground that the Court's ruling, that the Port District is precluded in this action from seeking compensatory damages for public nuisance in its representative capacity, is erroneous.

3. The parties' stipulated request for partial judgment is not a request for a final judgment pursuant to Federal Rule of Civil Procedure 54(b). This partial judgment may become part of any final judgment entered in this matter.

4. The Joint Motion is otherwise denied.

Dated: January 30, 2019

Hon. William Q. Hayes
United States District Court