UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, a public corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY;<br>SOLUTIA INC., and<br>PHARMACIA CORPORATION,<br><br>                                    Defendants. | Case No.:  15cv578-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion to Sever or, in the alternative, Amend the Fourth Amended Scheduling Order filed by Plaintiff City of San Diego.  (ECF No. 296).

## I.    PROCEDURAL BACKGROUND

   On March 13, 2015, Plaintiffs San Diego Unified Port District (the Port District) and the City of San Diego (the City) initiated this action by jointly filing a Complaint against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation (collectively, Monsanto).  (ECF No. 1).  On August 3, 2015, the Port District filed a First Amended Complaint (FAC) against Monsanto, the operative pleading in the Port District's action. (ECF No. 25).  The Port District alleged causes of action for public nuisance, equitable indemnity, and purpresture against Monsanto relating to PCB contamination of the San

Diego Bay (the Bay). *Id.* On September 28, 2016, the Court dismissed the equitable indemnity claims. (ECF No. 81). The Port District proceeds in this litigation on the public nuisance cause of action and the purpresture cause of action.

On December 22, 2016, the City of San Diego filed a Second Amended Complaint with Jury Demand. (ECF No. 93).

On January 13, 2017, Monsanto filed an Answer to the Amended Complaint filed by the Port District. (ECF No. 96).

On May 16, 2017, the parties filed a Joint Discovery Plan. (ECF No. 115).

On June 2, 2017, the Court filed a Scheduling Order regulating discovery and other pretrial proceedings. (ECF No. 121).

On September 20, 2017, the Court filed an Amended Scheduling Order pursuant to the request of the parties. (ECF No. 141).

On December 14, 2017, the Court filed a Second Amended Scheduling Order pursuant to the request of the parties. (ECF No. 174).

On December 21, 2017, Defendants filed an Answer to the Second Amended Complaint filed by the City of San Diego. (ECF No. 176).

On March 20, 2018, the Court filed a Third Amended Scheduling Order pursuant to the request of the parties. (ECF No. 207).

On September 4, 2018, Plaintiff Port District filed a Motion to Sever the claims of the Port District from the claims of the City of San Diego. (ECF No. 248).

On September 4, 2018, Plaintiff City of San Diego and Monsanto filed a joint Motion for a Fourth Amended Scheduling Order. (ECF No. 250).

On September 21, 2018, the Court denied the Motion to Sever, concluding that "fundamental fairness and judicial economy weigh against severance." (ECF No. 268 at 4).

On September 24, 2018, the Court granted in part and denied in part the Motion for a Fourth Amended Scheduling Order. (ECF No. 270).

On January 18, 2019, the City of San Diego filed a Motion to Sever or, in the alternative, Amend the Fourth Amended Scheduling Order. (ECF No. 296).

On February 4, 2019, Monsanto filed a Response (ECF No. 303) to the Motion, the Port District filed a Response (ECF No. 304) to the Motion.

On February 11, 2019, Monsanto filed a Reply (ECF No. 307) to the Port District's Response, and the City of San Diego filed a Reply (ECF No. 308) in support of the Motion.

## II. DISCUSSION

The City of San Diego moves to sever its claims against Monsanto from the claims brought by the Port District or, in the alternative, to extend all deadlines in the current scheduling order by one year. (ECF No. 296-1 at 4–5). The City of San Diego contends that good cause exists because it does not expect to complete discovery by the March 8, 2019 fact discovery deadline. The City of San Diego asserts that "discovery was only served on the City by Defendants in October 2018, and because that discovery requires a massive production of documents dating back decades, the City will not be able to complete discovery by March 2019." (ECF No. 308 at 3). The City of San Diego asserts that it has been diligent in discovery. The City of San Diego further asserts that the facts, law, and remedies of its claims are different from those of the Port District. The City of San Diego asserts that its claims are substantially similar to the public nuisance claims brought against Monsanto by the City of Chula Vista in a separate case. *See* Civ. No. 18-cv-01942 at ECF No. 1. The City of San Diego contends that severing its claims from the Port District's and consolidating its claims with Chula Vista's would promote judicial efficiency and would not prejudice Monsanto.

In the alternative, the City of San Diego requests a one-year extension of the currently scheduled dates. The City of San Diego asserts that the Magistrate Judge's recent discovery order "signal[ed] that documents relating to other non-PCB contaminants in the Bay and conveyance system may be considered relevant" and caused a "change in scope" of discovery that "increased the amount of documents to be produced by millions of pages." (ECF No. 296-1 at 14). The City of San Diego further asserts that it "cannot be blamed for

not responding to discovery that it had not been served with. It would be prejudicial to now require the City to play short shrift to discovery so that trial could proceed to the Port's benefit before all claims and parties are prepared." (ECF No. 306 at 6).

Monsanto contends that there is not good cause to sever the City of San Diego's claims from the Port District's claims. Monsanto asserts that the claims brought by the Port District, the City of San Diego, and the City of Chula Vista raise identical issues of fact and law. Monsanto asserts that "it was common counsel's decision—not Defendants'—to file virtually identical complaints years apart." (ECF No. 303 at 6). Monsanto contends that maintaining a single action would not cause prejudice, and that severance would result in prejudice and inefficiency because "[d]eposing the same experts and witnesses on the same subject matter multiple times is not efficient or fair." *Id.* at 11. Monsanto further asserts that Monsanto further asserts that discovery is "far from complete" as to both the City of San Diego and the Port District. *Id.* at 14. Monsanto asserts that both the City of San Diego and the Port District have inadequately managed discovery and that no depositions have occurred. Monsanto asserts that the Port District "refuses to search its ESI for terms relevant to many of Defendants' affirmative defenses, limiting its searches instead to 12 self-selected search terms about the Port's affirmative case. The Port's search terms lack a single non-PCB constituent—so, the Port's searches are not intended to identify documents discussing non-PCB constituents that may have caused the conditions in the Bay." *Id.* at 16.

Monsanto asserts that starting on October 17, 2017, it "sent multiple requests for a privilege log to the Port," and received a response "more than seven months later . . . with a mere 106 entries . . . including many years with no entries at all (pre-1986, 1987, 1992, 2004, 2008, 2009, 2010, 2011, 2014, 2015, 2016, 2017)," and excluding "hundreds of redacted documents the Port produced that were not on the privilege log." *Id.* at 16–17. Monsanto further asserts that "[o]nly after repeated meet-and-confer efforts and more than 14 months of delay did the Port agree to supplement its privilege log, previewing that it would include between 5,000 and 10,000 entries," and that the Port District "produced a

supplemental privilege log on February 1, 2019 containing only 82 additional entries, with no indication of when Defendants should expect the Port's 5,000 to 10,000-entry privilege log." *Id.* at 17. Monsanto asserts that the Port District has not produced categories of documents and information such as "key information on how, if at all, the alleged Bay-wide PCB nuisance has affected the Port's key business activity of developing the Bay," and "[p]roductions relating to significant sites such as TDY, Convair Lagoon, and the Tow Basin" that "are materially incomplete." *Id.* Monsanto asserts that the circumstances have not changed since the Court's September 21, 2018 Order denying the Port District's motion to sever. *See* ECF No. 268. Monsanto asserts that a six-month extension is reasonable under the circumstances.

The Port District contends that there is not good cause to extend the scheduled dates. The Port District asserts that Monsanto has not been diligent in its discovery efforts with respect to the City of San Diego. The Port District asserts that it is "prepared to complete its discovery obligations by the current March 8, 2019 deadline." (ECF No. 304 at 12). The Port District asserts that an extension would be prejudicial because the Port District would need "to prosecute its case on an exaggerated timeline." *Id.* at 16. The Port District contends that such prejudice demonstrates the existence of good cause to sever its claims from the claims brought by the City of San Diego. The Port District contends that good cause exists because its claims and remedies involve distinct questions of law and fact from the claims and remedies of the City of San Diego. The Port District contends that severance would promote judicial economy because it is "limited to equitable remedies" that "will be tried as a bench trial," whereas the City of San Diego brings "a damages claim" that "will likely be heard by a jury." *Id.* at 18.

"[T]he court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. "In deciding whether to grant severance, courts ordinarily consider basic principles of fundamental fairness and judicial economy, as well as possible prejudice to any party, undue delay, threats of duplicitous litigation, inconsistent jury verdicts, and factual and legal confusion." *Hansen Beverage*

*Co. v. Innovation Ventures, LLC*, 2009 WL 10672011, at *1 (S.D. Cal. Dec. 30, 2009). Courts in this jurisdiction generally weigh in the aggregate whether: (1) "the claims arise out of the same transaction or occurrence;" (2) "the claims present some common questions of law or fact;" (3) "settlement of the claims or judicial economy would be facilitated;" (4) "prejudice would be avoided if severance were granted;" and (5) "different witnesses and documentary proof are required for the separate claims." *Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012) (quotations omitted).

In this case, Plaintiffs Port District and City of San Diego properly initiated this action in March of 2015 joining their claims against Defendants under Fed. R. Civ. P. 20. The Port District and the City of San Diego allege public nuisance claims against Defendants caused by the same chemical, and the same conduct by the Defendants. The Court concludes that fundamental fairness and judicial economy weigh against severance. This case raises significant environmental issues which require resolution in a timely manner.

IT IS HEREBY ORDERED that motion to sever (ECF No. 296) filed by Plaintiff San Diego Unified Port District is denied. The alternative motion to amend (ECF No. 296) the fourth amended scheduling order is granted in part as follows: "All fact discovery shall be completed by all parties by July 8, 2019." and is otherwise denied. The fourth amended scheduling order (ECF No. 270 at 1:20) is amended as follows: "All fact discovery shall be completed by all parties by July 8, 2019."

Dated: March 1, 2019

Hon. William Q. Hayes
United States District Court

15cv578-WQH-AGS