UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, a public corporation,<br><br>          Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC., and PHARMACIA CORPORATION,<br><br>          Defendants. | Case No.: 15cv578-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the motion for leave to file a third amended complaint filed by Plaintiff City of San Diego. (ECF No. 328).

**I. PROCEDURAL BACKGROUND**

  On March 13, 2015, Plaintiffs San Diego Unified Port District (the Port District) and the City of San Diego initiated this action by jointly filing a complaint against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation (collectively, Monsanto). (ECF No. 1). On August 3, 2015, the Port District filed a first amended complaint against Monsanto, the operative pleading in the Port District's action. (ECF No. 25). The Port District brought causes of action against Monsanto for public nuisance, equitable

1

indemnity, and purpresture related to polychlorinated biphenyl (PCB) contamination of the San Diego Bay. *Id.*

On September 28, 2016, the Court dismissed the Port District's equitable indemnity claims. (ECF No. 81). The Port District proceeds in this litigation on the public nuisance cause of action and the purpresture cause of action.

On December 22, 2016, the City of San Diego filed a second amended complaint against Monsanto, the operative pleading in the City of San Diego's action. (ECF No. 93). The City of San Diego brings a cause of action against Monsanto for continuing public nuisance related to PCB contamination of the San Diego Bay.

On May 16, 2017, the parties filed a joint discovery plan. (ECF No. 115).

On June 2, 2017, the Court filed a scheduling order regulating discovery and other pretrial proceedings. (ECF No. 121). The scheduling order set forth a June 15, 2017 deadline for "[a]ny motion . . . to amend the pleadings, or to file additional pleadings." (ECF No. 121 at 1:20–21).

On September 20, 2017, the Court filed an amended scheduling order pursuant to the request of the parties. (ECF No. 141).

On December 14, 2017, the Court filed a second amended scheduling order pursuant to the request of the parties. (ECF No. 174).

On March 21, 2018, the Court filed a third amended scheduling order pursuant to the request of the parties. (ECF No. 207).

On August 30, 2018, the Court denied the Port District's motion for leave to supplement the Port District's first amended complaint. (ECF No. 245). The Court stated that "the Port District fails to provide an adequate legal basis for a supplemental pleading for post-filing, pre-judgment damages related to its representative public nuisance cause of action under California Code of Civil Procedure section 731." *Id.* at 10.

On September 4, 2018, the Port District filed a motion to sever the claims of the Port District from the claims of the City of San Diego (ECF No. 248), which the City of San Diego joined (ECF No. 258).

On September 4, 2018, the City of San Diego and Monsanto filed a joint motion for a fourth amended scheduling order (ECF No. 250), which the Port District opposed (ECF No. 262).

On September 21, 2018, the Court denied the motion to sever, concluding that "fundamental fairness and judicial economy weigh against severance." (ECF No. 268 at 4).

On September 24, 2018, the Court filed a fourth amended scheduling order that granted in part and denied in part the parties' motions to amend the third amended scheduling order. (ECF No. 270).

On January 30, 2019, the Court granted in part and denied in part the parties' motion for judgment on partial findings. (ECF No. 300). The Court entered partial judgment for Monsanto and against the Port District, "limiting the relief the Port District may seek in this lawsuit in its representative capacity under a public nuisance theory to equitable relief, including an order to abate and/or the establishment of an abatement fund, and dismissing the Port District's claims for compensatory damages in its representative capacity under a public nuisance theory." *Id.* at 3.

On March 1, 2019, the Court denied the Port District's motion to sever the Port District's claims from the City of San Diego's claims. (ECF No. 313). The Court granted in part the Port District's alternative motion to amend the fourth amended scheduling order and set forth a July 8, 2019 deadline for completion of fact discovery.

On March 29, 2019, the Court filed a fifth amended scheduling order pursuant to the request of the parties. (ECF No. 327).

On March 29, 2019, the City of San Diego filed a motion for leave to file a third amended complaint. (ECF No. 328).

On April 22, 2019, Monsanto filed a response in opposition to the motion to amend. (ECF No. 349).

On April 29, 2019, the City of San Diego filed a reply in support of the motion to amend. (ECF No. 358).

## II. DISCUSSION

The City of San Diego moves to amend its complaint "to specify that it seeks declaratory, injunctive, and any other equitable relief in addition to compensatory and punitive damages." (ECF No. 328-1 at 4). The City of San Diego contends that the Court may award injunctive or declaratory relief, even if injunctive or declaratory relief was not requested in the pleadings, when appropriate and not prejudicial to Monsanto. The City of San Diego contends that amendment is proper at this stage because amendment is permissible even after a judgment. The City of San Diego asserts that the proposed amendment would avoid surprise and prejudice by clarifying the remedies the City of San Diego seeks and providing additional information to Monsanto "now, rather than at or after trial." (ECF No. 328-1 at 5). The City of San Diego asserts it has been diligent: "Once the facts on which the proposed amendment are based came to light during discovery and through expert investigation, the City filed the instant Motion." (ECF No. 358 at 4). The City of San Diego asserts that "the Second Amended Complaint's prayer for relief already seeks '[a]ny other and further relief as the Court deems just and proper.'" *Id.* The City of San Diego asserts that the amendment does not add parties, substantive claims, or prospective damages. The City of San Diego asserts that the proposed amendment only clarifies the equitable relief sought; specifically, "a judicial determination and declaration that each Defendant is liable for any and all future costs related to the investigation, remediation, and removal of PCBs . . . ." (ECF No. 358 at 5). The City of San Diego asserts, "This equitable relief is not a request for prospective damages, it is only what it says -- a request for a declaration from the Court that Defendants are liable for future prospective damages if any." *Id.*

Monsanto asserts that the deadline for the City of San Diego to file any amended pleadings passed twenty months ago. Monsanto contends that the City of San Diego has not shown good cause to amend. Monsanto asserts that the City of San Diego fails to explain why the amendment was proposed less than four months before fact discovery concludes and one month before expert reports are due, and not earlier. Monsanto asserts

that the amendment would require Monsanto to file a new answer and entitle Monsanto to challenge the newly requested relief. Monsanto asserts that amendment is incompatible with the existing scheduling order. Monsanto asserts that the proposed amendment adds requests for relief that the Court dismissed from the City of San Diego's first amended complaint. Monsanto asserts that the City of San Diego has repeatedly represented that the City of San Diego only seeks damages. Monsanto asserts that amendment would cause Monsanto prejudice because there would be no opportunity to perform discovery on the expanded relief requested. Monsanto contends that the proposed amendment is futile because plaintiffs bringing non-representative continuing nuisance claims cannot recover prospective damages, as the Court previously ruled with respect to the Port District.

A motion for leave to amend filed after the time period specified in a district court's scheduling order is governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b) requires a district court to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Rule 16(b) also provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the court finds that a plaintiff has shown good cause pursuant to Rule 16(b), the court must then consider whether leave to amend is proper under Rule 15. *Id.* at 608. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609.

After the time for amendment "as a matter of course" has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* "The court should freely give leave" to amend "when justice so requires." Fed. R. Civ.

P. 15(a). In *Foman v. Davis*, the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. . . . Additionally, the district court may consider the factor of undue delay. . . . Undue delay by itself, however, is insufficient to justify denying a motion to amend.") (citation omitted). "Not all of the [Foman] factors merit equal weight. . . . [T]he consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).

In this case, the City of San Diego states that the proposed amendment is based on facts that came to light during discovery and expert investigation. The City of San Diego does not identify or explain the nature of the facts, state when the facts were discovered, or explain the connection between the facts and the proposed amendment. The Court finds that the City of San Diego fails to demonstrate good cause within the meaning of Rule 16. The Court does not address whether the City of San Diego satisfies the Rule 15 requirements for amendment. The Court makes no finding regarding the City of San Diego's eligibility for prospective or declaratory relief.

IT IS HEREBY ORDERED that motion to amend (ECF No. 328) filed by Plaintiff City of San Diego is denied.

Dated: May 20, 2019

Hon. William Q. Hayes
United States District Court