UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 15-cv-0578-WQH-AGS<br><br>**PROTECTIVE ORDER FOR THIRD-PARTY MATERIALS** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by third parties who may have received a subpoena in this case. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties and third parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such third-party materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information

1

contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Kelly Drye & Warren, LLP; Baron & Budd, P.C.; Gomez Trial Attorneys; White and Williams LLP; Capes Sokol, Goodman and Sarachan, PC; Latham & Watkins LLP. "Counsel"@ also includes, in-house attorneys for Plaintiffs and in-house attorneys for Defendants.

## GENERAL RULES

4. Any third party to this litigation that produces or discloses any materials, trial testimony, deposition testimony, or information that the third party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any third party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such third party and

its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such third party.

    b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any third party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such third party and its counsel, the information is among that considered to be most sensitive by the third party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    c.    To the extent that previously undisclosed material in the possession of a Third Party is in the process of being analyzed, reviewed and/or prepared for, or on behalf of, a Party to this action ("Requesting Party") in the normal course of the Requesting Party's business, and such information has not previously been turned over or made available to the Requesting Party or submitted to a regulatory agency on behalf of the Requesting Party prior to the date of production by the Third Party under any subpoena in this action, the Requesting Party shall have the right to object in writing to production under any subpoena of the previously undisclosed material in question until such time that the previously undisclosed material is finalized and turned over to the Requesting Party or submitted to a regulatory agency on behalf of the Requesting Party by Third Party in the normal course of business. Any objection pursuant to this section by the Requesting Party shall identify the nature of the previously undisclosed material at issue and shall provide an estimated timeline for when it is expected that the Third Party will provide the same to the Requesting Party or submitted to a regulatory agency on behalf of the Requesting Party in the normal course of business. The Requesting Party shall inform all other Parties in writing when the previously undisclosed material is received from the Third Party or submitted to a regulatory agency on behalf of the Requesting Party in the normal course of business and shall make arrangements for it to be turned over or made available for review. The intent of this provision is to preclude the production of material pursuant to a subpoena in this action which is sensitive or confidential in nature and which has not been made available to the Requesting Party or a submitted to a regulatory agency on behalf of the Requesting

Party in the normal course of business outside of the context of this litigation.

  5. In the event the third party elects to produce materials for inspection, no marking need be made by the third party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing third party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

  6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of a third party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing third party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the

4

| | |
|---|---|
| 1 | original or any copy ultimately presented to a court for filing must not |
| 2 | be filed unless it can be accomplished under seal, identified as being |
| 3 | subject to this Order, and protected from being opened except by order |
| 4 | of this Court. |

7. All third-party confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts retained by any party for this litigation.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

  a) Executives who are required to participate in policy decisions with reference to this action;

  b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

  c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to third party material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be

5

shown the same.

11. All third-party information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any third-party materials produced in discovery or deposition transcripts which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating third party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating third party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and the third party who disclosed the confidential information and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party

and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to a third party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a third party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating third party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating third party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating third party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any third party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any third party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by any party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must destroy all third-party confidential information, including any copies, excerpts, and summaries of that information and must purge all such third-party confidential information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the third party agrees should not be designated confidential information; (b) the third party agrees, or the Court rules, is already public knowledge; (c) the third party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating third party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties

8

prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: July 3, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge