1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  | SAN DIEGO UNIFIED PORT | Case No.:  15-cv-578-WQH-AGS |
12  | DISTRICT, a public corporation; and CITY OF SAN DIEGO, a municipal | **ORDER** |
13  | corporation, | |
14  | Plaintiffs, | |
15  | v. | |
16  | MONSANTO COMPANY; SOLUTIA INC.; and PHARMACIA | |
17  | CORPORATION, | |
18  | Defendants. | |
19

20  HAYES, Judge:

21        The matter before the Court is the Motion for Summary Judgment of Affirmative

22  Defenses filed by Plaintiff San Diego Unified Port District. (ECF No. 426).

23  **I.    PROCEDURAL BACKGROUND[1]**

24        On March 13, 2015, Plaintiffs San Diego Unified Port District (the "Port District")

25  and the City of San Diego (the "City") initiated this action by filing a Complaint. (ECF No.

26

27  _____

28  [1] The relevant factual background is set forth in the Court's Order on Monsanto's Motions for Summary
    Judgment against the Port District.

1

1). On August 3, 2015, the Port District and the City filed separate First Amended Complaints against Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation (collectively, "Monsanto"). (ECF Nos. 24, 25). In its First Amended Complaint ("FAC"), the Port District brings claims against Monsanto for public nuisance, equitable indemnity, and purpresture relating to the alleged contamination of San Diego Bay (the "Bay") from polychlorinated biphenyls ("PCBs") manufactured by Monsanto. (ECF No. 25).

On September 28, 2016, the Court issued an Order granting in part and denying in part Monsanto's Motion to Dismiss the Port District's FAC. (ECF No. 81). The Court granted the Motion to Dismiss the Port District's equitable indemnity claim and denied the Motion to Dismiss the Port District's purpresture and public nuisance claims.

On April 14, 2017, Monsanto filed a First Amended Answer and Counterclaims. (ECF No. 110). On May 12, 2017, the Port District filed a Motion to Strike Monsanto's Affirmative Defenses (ECF No. 112) and a Motion to Dismiss Monsanto's Counterclaims (ECF No. 113). On January 30, 2018, the Court issued an Order granting the Port District's Motion to Dismiss Monsanto's Counterclaims and denying the Port District's Motion to Strike Monsanto's Affirmative Defenses. (ECF No. 192). On April 19, 2018, the Port District filed a Motion for Judgment on the Pleadings on Monsanto's affirmative defenses. (ECF No. 213). On September 6, 2018, the Court issued an Order denying the Port District's Motion for Judgment on the Pleadings. (ECF No. 253).

On August 2, 2019, Monsanto filed Motions for Summary Judgment against the Port District on the Port District's request for an abatement remedy (ECF No. 422), the Port District's purpresture claim (ECF No. 423), and the Port District's public nuisance claim (ECF No. 424). On August 2, 2019, the Port District filed a Motion for Summary Judgment of Affirmative Defenses. (ECF No. 426). The Port District moves for partial summary judgment against Monsanto on several of the affirmative defenses asserted by Monsanto in its First Amended Answer. On October 1, 2019, Monsanto filed an Opposition to the

1   Port District's Motion for Summary Judgment. (ECF No. 449). On October 18, 2019, the
2   Port District filed a Reply. (ECF No. 455).

3          On December 6, 2019, the Court heard oral argument on the Motions for Summary
4   Judgment.

5   **II.    CONTENTIONS**

6          The Port District moves for summary judgment in its favor on several of Monsanto's
7   affirmative defenses. The Port District contends that Monsanto's affirmative defenses
8   under the Comprehensive Environmental Response, Compensation, and Liability Act of
9   1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act
10  of 1986, 42 U.S.C. §§ 9601 *et seq.*, and the California Hazardous Substance Account Act
11  ("HSAA"), Cal. Health & Safety Code §§ 25300 *et seq.*, fail because there are no pending
12  CERCLA or HSAA claims. The Port District contends that Monsanto's equitable
13  affirmative defenses are not appropriate in this public nuisance action. The Port District
14  contends that Monsanto asserts several defenses that negate an element the Port District
15  must prove. The Port District contends that Monsanto's affirmative defenses based on the
16  Port District's negligence and comparative fault "fail because comparative fault cannot be
17  used to circumvent the governmental immunity afforded under the California Tort Claims
18  Act . . . ." (ECF No. 426-1 at 11). The Port District further contends that "Monsanto has
19  failed to produce admissible evidence to support its affirmative defenses based on
20  negligence and comparative fault." (*Id.*).

21         Monsanto contends that it properly asserts as an affirmative defense that the Port
22  District's public nuisance claim is a disguised products liability claim. Monsanto contends
23  that its equitable defenses are appropriate because the Port District's witnesses testified to
24  facts that show "justice and right" require the equitable defenses to remain. (ECF No. 449
25  at 8). Monsanto contends that summary judgment is not the proper vehicle to dispose of
26  non-affirmative defenses. Monsanto contends that the California Tort Claims Act does not
27  preclude Monsanto's negligence or comparative fault affirmative defenses, and the Port

28

1    District's witnesses "testified at length regarding the Port's own negligence in causing or

2    contributing to the alleged PCB discharges into the Bay . . . ." (*Id.* at 7-8).

3    **III.    RULING OF THE COURT**

4            Monsanto alleges in its sixty-fourth affirmative defense that the Port District's

5    "alleged nuisance claim is barred, in whole or in part, as a disguised product liability

6    claim." (ECF No. 110 at 42 ¶ 64). This affirmative defense does not apply in a

7    representative public nuisance action for abatement. *See Cty. of Santa Clara v. Atl.*

8    *Richfield Co.*, 137 Cal. App. 4th 292, 309-310 (2006) ("A *representative* public nuisance

9    cause of action seeking *abatement* of a hazard created by affirmative and knowing

10   *promotion of a product for a hazardous use* is *not* 'essentially' a products liability action

11   'in the guise of a nuisance action' . . . ." (quoting *City of San Diego v. U.S. Gypsum Co.*,

12   30 Cal. App. 4th 575, 586-87 (1994)). The Port District is proceeding on a representative

13   public nuisance claim in which the Port District's remedy is limited to abatement. The Port

14   District's Motion for Summary Judgment on Monsanto's sixty-fourth affirmative defense

15   is granted.

16          Monsanto alleges in its sixth affirmative defense that the Port District's "alleged

17   claims are barred, in whole or in part, by the doctrine of laches." (ECF No. 110 at 29 ¶ 6).

18   "[N]o lapse of time can legalize a public nuisance, amounting to an actual obstruction of

19   public right." Cal. Civ. Code § 3490; *See People v. Gold Run Ditch & Mining Co.*, 66 Cal.

20   138, 152 (1884) ("Against [a public nuisance], however long continued, the State is bound

21   to protect the people."); *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51, 136

22   (2017) (explaining that, "[s]ince laches is an equitable defense, it could not be asserted

23   against the government, even if it were not barred by Civil Code section 3490, because

24   such an application would defeat a public policy aimed at protecting the public" from

25   public nuisances). Laches is not available as an affirmative defense in this representative

26   public nuisance action. The Port District's Motion for Summary Judgment on Monsanto's

27   sixth affirmative defense is granted.

28

1    Monsanto further alleges defenses that are based on the Port District's alleged lack
2    of standing to bring its representative public nuisance claim and seek an abatement remedy,
3    that are based on the Port District's alleged inequitable actions, and that are based on the
4    Port District's alleged negligence and comparative fault. "A defense which demonstrates
5    that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S.*
6    *Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative defense is one that
7    precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez v.*
8    *J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citation
9    omitted); *see Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal.
10   2013) ("Affirmative defenses are allegations unrelated to the plaintiff's *prima facie* case
11   that deny the plaintiff's right to relief, even if all allegations in the complaint are true."
12   (citing *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)).
13   However, identifying a defense as "affirmative" when it negates an element of the
14   plaintiff's case not does not make that defense legally insufficient such that a motion for
15   summary judgment should be granted on that defense. *See Kohler v. Islands Rests., LP*,
16   280 F.R.D. 560, 567 (S.D. Cal. 2012) (denying partial summary judgment on defenses of
17   lack of standing and failure to state a claim, explaining that "simple mislabeling . . . is not
18   grounds for striking or granting partial summary judgment on [the mislabeled] defenses").
19   In order to succeed on a motion for summary judgment, the moving party must still "show[
20   ] that there is no genuine dispute as to any material fact and [that] the movant is entitled to
21   judgment as a matter of law." Fed. R. Civ. P. 56(a).

22   The sufficiency of the legal and factual basis of Monsanto's remaining defenses, as
23   well as the applicability of the defenses to a representative action for abatement of a public
24   nuisance, will be addressed and determined at trial. The Port District's Motion for

25
26
27
28

15-cv-578-WQH-AGS

1  Summary Judgment on Monsanto's 3-5, 8, 14-16, 26-27, 46-48, 53, 55, 74-76, 80, and 84

2  affirmative defenses is denied.[2]

3  **IV.    CONCLUSION**

4        The Port District's Motion for Summary Judgment of Affirmative Defenses (ECF

5  No. 426) is granted as to affirmative defenses 6, 31-35, 37-45, and 64 and is otherwise

6  denied.

7  Dated:  March 26, 2020

8                                  Hon. William Q. Hayes

9                                  United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ─────────────────

27  [2] The Port District moves for summary judgment on Monsanto's 31-35 and 37-45 affirmative defenses in

28  which Monsanto alleges affirmative defenses applicable to CERCLA and HSAA actions. Monsanto has withdrawn its 31-35 and 37-45 affirmative defenses.